```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF KANSAS
```

**JAMES R. MCKILLIP,**

                        **Plaintiff,**

          **v.**                                           **CASE NO. 20-3318-SAC**

**JOE NORWOOD, et al.,**

                        **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff James R. McKillip, who is incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated. The Court has identified several deficiencies in the complaint, which are identified below and which leave the complaint subject to dismissal in its entirety. The Court will allow Plaintiff the opportunity to file an amended complaint on court-approved forms that cures those deficiencies.

**I.   Nature of the Matter before the Court**

Plaintiff names as defendants former Secretary of Corrections Joe Norwood, Kansas Department of Corrections; former LCF warden Ron Baker; LCF Unit Team Manager (UTM) Gina M. Howlett; former LCF Unit Team Supervisor (UTS) Jamie Claassen; LCF Corrections Officer I (COI) Payne; LCF Corrections Officer II (COII) James Englis; LCF Corrections Supervisor I (CSI) Willard Scott Kincaid; LCF COII August Dillard; LCF COI Steven Gandy; and LCF COI Ashley Gable.

Plaintiff purports to sue all defendants in their individual and official capacities. As the factual background for this complaint, Plaintiff alleges that on December 17, 2018, while he was incarcerated at LCF, the water in his cell stopped working and he was left without running water in his cell. Plaintiff told officers about the situation and was told that someone would submit a work order. Despite this assurance, no one came to fix the water. Plaintiff was forced to urinate in his sink, using bottles of water an inmate in a neighboring cell provided to wash his urine down the drain. Plaintiff defecated into a bag, which he threw out on the run for porters or corrections officers to throw away.

Over the next two days, Plaintiff informed Defendants Payne, Englis, Kincaid, Dillard, Gandy, and Gable that he had no water in his cell. He asked them to fix the problem or move him to another cell, but neither occurred. When Plaintiff told Defendant Gandy that he wanted the water fixed or to be moved to another cell, Defendant Gandy "laughed at [him] and said good luck with that." (Doc. 1, p. 7.) On December 19, 2018, Plaintiff submitted an informal resolution form 9 to Defendant Claassen via Defendant Gandy. On December 23, 2018, Plaintiff submitted another form 9 to Defendant Claassen via CSI Mark D. Matzeder.

On December 26, 2018, Plaintiff personally handed Defendant Claassen a grievance form. Defendant Claassen read the grievance

and told Plaintiff the water would be fixed that day or he would be moved to another cell. Neither happened.

Two days later, Plaintiff sent a letter and inmate request form to the then-warden, Defendant Baker, attempting to get the water in his cell fixed or be moved to another cell. According to a letter Plaintiff later sent Defendant Baker and which Plaintiff has attached to his complaint, the water in his cell was not fixed until December 31, 2018[1] and he was not moved to another cell during that time. (Doc. 1-6.)

Because Plaintiff did not submit his complaint on the court-approved forms, Plaintiff's claims are not set out distinctly. It appears, however, that Plaintiff argues that the failure to ensure he had running water in his cell violated his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment. (Doc. 1, p. 9.) Specifically, Plaintiff alleges unconstitutional conditions of confinement. *Id.* at 10-13. Plaintiff also appears to perhaps allege a claim of negligence. *Id.* at 10. In his prayer for relief, Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and costs, as well as any additional relief the Court deems proper. *Id.* at 14.

---

[1] The complaint does not allege the date that Plaintiff's water was fixed; that information is found only in the attached grievance. Plaintiff is advised that he must include in the body of the amended complaint all necessary factual allegations, including the date that his water was fixed.

## II. Screening Standards

Because Plaintiff is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When conducting this screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Discussion

### a. Defendants

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("[A] § 1983 . . . plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Rather, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated

plaintiff's federal constitutional rights.

Moreover, an official's liability in a § 1983 proceeding may not be predicated solely upon a supervisory role. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008). To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation. "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). The allegation that an official denied a grievance or failed to respond to a grievance is not sufficient to show personal participation. *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009); *see also Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Plaintiff's claims against Defendants Norwood and Baker are subject to dismissal for failure to allege sufficient personal participation in a constitutional violation. The only allegation about Defendant Norwood is that as Secretary of Corrections, he was legally responsible for the overall operation of the Department of Corrections and correctional institutions, including LCF. (Doc. `1, p. 2.) Similarly, as the warden of LCF, Defendant Baker is alleged to be legally responsible for the operation of LCF "and the welfare of all the inmates of that prison." *Id.* Plaintiff also alleges that Defendant Baker denied or failed to respond to grievances about the

5

lack of running water in his cell. As explained above, these assertions do not allege sufficient personal participation to sustain a plausible claim under § 1983.

### b. Negligence claim

Plaintiff refers to negligence in his complaint (see Doc. 1, p. 10), but claims under § 1983 may not be predicated on mere negligence. *See Medina v. City and County of Denver*, 960 F.2d 1493, 1500 (10th Cir. 1992)("[N]egligence and gross negligence do not give rise to section 1983 liability"). Thus, to the extent that Plaintiff intends to assert a claim of negligence, that claim is subject to dismissal.

### c. Conditions of confinement claim

Plaintiff also appears to assert a conditions-of-confinement claim. As explained below, this claim is subject to dismissal because Plaintiff fails to allege sufficient facts to support a plausible claim upon which relief could be granted.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). The Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). But the Court "will not

supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Rather, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay v. Bemis*, 500 F.3d 124, 1218 (10th Cir. 2007) (quotation marks and citations omitted). By the specific factual allegations, "a plaintiff must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged (his) claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 1974).

The Eighth Amendment requires prison and jail officials to

7

provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison conditions may be "restrictive and even harsh," *see Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), but "[u]nder the Eighth Amendment, [prison] officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001).

> "An inmate raising an Eighth Amendment conditions-of-confinement claim must prove both an objective and subjective component associated with the deficiency. The objective component requires conditions sufficiently serious so as to (1) deprive an inmate 'of the minimal civilized measure of life's necessities' or (2) subject an inmate to 'a substantial risk of serious harm.' 'The subjective component requires that a defendant prison official have a culpable state of mind, that he or she acts or fails to act with deliberate indifference to inmate health and safety.' To prove deliberate indifference, a prisoner must adduce sufficient facts to show the defendant knew of and disregarded 'an excessive risk to inmate health or safety.' Under this standard, 'the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist, and he [or she] must also draw the inference.'" *Brooks v. Colorado Dept. of Corrections*, 12 F.4th 1160, 1173 (10th Cir. 2021) (citations omitted).

Even assuming that Plaintiff has alleged sufficient facts to support a plausible claim of deliberate indifference, however, his conditions-of-confinement claim is subject to dismissal because he fails to allege that he suffered a physical injury as the result of his lack of access to running water in his cell. "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In other words, "[m]ental or emotional stress, without physical injury, is insufficient to state a § 1983 claim based on conditions of confinement." *Moore v. Morris*, 116 Fed. Appx. 203, 205 (10th Cir. 2004) (unpublished).

### d. Relief requested

Plaintiff is suing Defendants in their official and individual capacities and he seeks declaratory relief, compensatory damages, punitive damages, and costs. (Doc. 1, p. 14.) But "[s]ection 1983 plaintiffs may sue individual-capacity defendants only for money damages and official-capacity defendants only for injunctive relief." *Brown v. Montoya*, 662 F.3 1152, 1161 n.5 (10th Cir. 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 27, 30 (1991)). Thus, Plaintiff's request for money damages from Defendants in their

official capacities and his request for injunctive relief against Defendants in their individual capacities are subject to dismissal.[2]

## IV. Conclusion

For the reasons stated above, it appears that the complaint is subject to dismissal for failure to state a claim upon which relief could be granted. The Court will grant Plaintiff the opportunity to submit an amended complaint that cures the deficiencies identified in this order. The amended complaint must be submitted upon court-approved forms. Plaintiff is cautioned that an amended complaint is not an addendum or supplement to the original complaint. Rather, an amended complaint completely replaces the earlier complaint and any claims or allegations not presented in the amended complaint are no longer before the Court. In other words, Plaintiff may not simply refer to an earlier pleading; instead, the amended complaint must contain all allegations and claims that Plaintiff intends to present in this action, including those already included in the original complaint. Plaintiff must include the case number of this action on the first page of the amended complaint.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including November 18, 2021, to submit a complete and proper amended complaint as directed. The clerk is directed to send 1983 forms and instructions to Plaintiff. The failure to timely file an amended

---

[2] This is true even assuming Plaintiff, in the amended complaint, pleads the physical injury necessary to satisfy 42 U.S.C. § 1997e(e).

complaint will result in the dismissal of this matter without prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 18th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge