**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES R. MCKILLIP,**

                **Plaintiff,**

      **v.**                                    **CASE NO. 20-3318-SAC**

**JOE NORWOOD, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff James R. McKillip, who is incarcerated at Lansing Correctional Facility (LCF) in Lansing, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights were violated. It comes before the Court on Plaintiff's amended complaint (Doc. 14) and his motion to appoint counsel (Doc. 15). For the reasons set forth below, the Court will dismiss the amended complaint without prejudice and deny as moot the motion to appoint counsel.

**I.   Nature of the Matter before the Court**

Plaintiff initiated this case on December 29, 2020, by filing a complaint. (Doc. 1.) In October 2021, the Court issued a Memorandum and Order (M&O), explaining to Plaintiff that several deficiencies in the complaint left this matter subject to dismissal. (Doc. 9.) The Court identified the deficiencies and allowed Plaintiff time to submit a complete and proper amended complaint that cured the deficiencies. *Id.* The Court also advised Plaintiff

1

that the failure to file an amended complaint by the deadline set in the M&O would result in the dismissal of this matter without further notice to Plaintiff. *Id.*

Plaintiff did not timely file an amended complaint, but in March 2022, the Court issued an Order giving Plaintiff a final opportunity to submit an amended complaint. (Doc. 12.) Plaintiff has now done so and the amended complaint is before the Court for review. (See Doc. 14.)

In the amended complaint, Plaintiff names as defendants former Secretary of Corrections Joe Norwood, Kansas Department of Corrections; former LCF warden Ron Baker; LCF Unit Team Manager (UTM) Gina M. Howlett; former LCF Unit Team Supervisor (UTS) Jamie Claassen; LCF Corrections Officer I (COI) Payne; LCF Corrections Officer II (COII) James Englis; LCF Corrections Supervisor I (CSI) Willard Scott Kincaid; LCF COII August Dillard; LCF COI Steven Gandy; and LCF COI Ashley Gable. (Doc. 14, p. 1-2, 5-13.) As the factual background for the amended complaint, Plaintiff alleges that on December 17, 2018, while he was incarcerated at LCF, the water in his cell stopped working and he was left without running water in his cell. *Id.* at 16. Plaintiff told officers about the situation and was told that someone would submit a work order. Despite this assurance, no one came to fix the water. Plaintiff was forced to urinate in his sink, using bottles of water an inmate in a neighboring cell provided to wash his urine down the drain.

Plaintiff defecated into a bag, which he threw out on the run for porters or corrections officers to throw away. *Id.*

Plaintiff asserts that between December 17 and 19, 2018, he informed each defendant of the absence of running water in his cell in an attempt "to get [his] water fixed" or to be moved to another cell, but none of the defendants did anything to fix the problem or move him to another cell. *Id.* at 2-3, 17-18. Plaintiff also sought relief through informal resolutions, grievances, and letters, but he was not moved to another cell nor was the water fixed. *Id.* at 17-19. The water in Plaintiff's cell was restored on December 31, 2018. *Id.* at 17.

In the amended complaint, Plaintiff argues that the failure to ensure he had running water in his cell violated his constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution to be free from cruel and unusual punishment. *Id.* at 15. More specifically, Plaintiff alleges unconstitutional conditions of confinement. *Id.* at 16-17. In his prayer for relief, Plaintiff seeks declaratory relief, compensatory damages, punitive damages, and costs, as well as any additional relief the Court deems proper. *Id.* at 22.

**II.  Screening Standards**

Because Plaintiff is a prisoner, the court is required by statute to screen his amended complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which

3

relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). When conducting this screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III. Discussion**

It is clear from the amended complaint that Plaintiff has corrected some of the deficiencies in his original complaint. However, one deficiency remains that requires this Court to dismiss this matter. As explained in the M&O,

> "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). In other words, "[m]ental or emotional stress, without physical injury, is insufficient to state a § 1983 claim based on conditions of confinement." *Moore v. Morris*, 116 Fed. Appx. 203, 205 (10th Cir. 2004) (unpublished).

(Doc. 9, p. 9.) The M&O informed Plaintiff that "his conditions-of-confinement claim is subject to dismissal because he fails to allege that he suffered a physical injury as the result of his lack of access to running water in his cell." *Id.* Although the amended complaint provides more detail than the initial complaint and alleges that Plaintiff's life was in danger and he suffered

4

emotional stress from the belief that Defendants "were trying to kill [him]," it does not allege Plaintiff suffered a physical injury from the lack of running water in his cell. (See Doc. 14, p. 4, 16.) Thus, as he did in the initial complaint, Plaintiff has failed in the amended complaint to state a claim under § 1983 on which relief can be granted.

## IV. Conclusion

For the reasons stated above, the amended complaint is subject to dismissal for failure to state a claim upon which relief could be granted. Because the matter must be dismissed, the Court will deny Plaintiff's motion to appoint counsel as moot. The Court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA), which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g).

In other words, each time a civil action or an appeal brought by a prisoner is dismissed "as 'frivolous' or 'malicious' or for 'fail[ing] to state a claim upon which relief may be granted,'" it

5

counts as a "strike" against the prisoner. *See Payton v. Ballinger*, 831 Fed. Appx. 898, 902 (10th Cir. 2020). Once a prisoner has accumulated three strikes, he or she may not proceed in forma pauperis in a civil action or an appeal without showing "imminent danger of serious physical injury." *Id.*

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for failure to state a claim on which relief can be granted. This dismissal will count as a strike under the PLRA.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 15) is **denied as moot.**

**IT IS SO ORDERED.**

DATED: This 21st day of April, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge