**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES R. McKILLIP,**

      **Plaintiff,**

  **v.**              CASE NO. 20-3318-SAC

**JOE NORWOOD, et al.,**

      **Defendants.**

## O R D E R

  This matter comes before the court on plaintiff's motion to alter or amend the judgment. The court dismissed the action on April 21, 2022, finding that plaintiff's amended complaint did not cure all of the deficiencies identified in the court's Memorandum and Order entered on October 18, 2021.

  A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete*, 204 F.3d at 1012. Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the*

*Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id.* (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006).

The court has examined the motion to alter or amend and the attached proposed amended complaint. These materials do not provide any ground to overturn the dismissal of the action and do not meet any of the criteria for relief under Rule 59(e).

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion to alter or amend the judgment (Doc. 18) is denied.

**IT IS SO ORDERED.**

DATED: This 3rd day of May, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge