**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JAMES R. MCKILLIP,**

**Plaintiff,**

**v.**

**JOE NORWOOD, ET AL.,**

**Defendants**

**Case No. 20-3318-SAC**

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion for the appointment of counsel. The court dismissed this matter for failure to state a claim for relief, and an appeal is pending.

There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp*., 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). The Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979.

As noted, the court dismissed this matter for failure to state a claim for relief. Plaintiff does not offer any persuasive argument in his motion, and the court concludes the appointment of counsel is not warranted in this action.

THE COURT THEREFORE ORDERS that plaintiff's motion for the appointment of counsel (Doc. 28) is denied.

IT IS SO ORDERED.

Dated: September 8, 2022

/s/ Sam A. Crow
SAM A. CROW
UNITED STATES DISTRICT JUDGE